**IT IS SO ORDERED**
*/s/ James Ware*
Judge James Ware

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH TRAHAN, | NO. C 01-20407 JW   (PR) |
| Petitioner(s), | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| ARTHUR CALDERON, | |
| Respondent(s). | |

Petitioner Joseph Trahan ("Petitioner"), a state prisoner, filed a <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner was convicted by a jury in Santa Clara County Superior Court of second-degree robbery, and under California's three strikes law was sentenced to an indeterminate prison term of twenty-five years to life, with a consecutive determinate term of six years, for an aggregate term of thirty-one years to life. As grounds for habeas relief, Petitioner asserted that his rights under the Sixth Amendment were violated, more particularly: (1) his right to self-representation; (2) his right to effective assistance of counsel; (3) his right to confront witnesses; and (4) his right to counsel and trial by jury.

On September 13, 2005, the Court denied the petition on the merits. On September 19, 2005, the Court entered judgment. On October 19, 2005, Petitioner filed a notice of appeal and a request for a certificate of appealability. For the reasons set forth below, the Court denies Petitioner's request for a certificate of appealability.

Order Denying Certificate of Appealability
p:\pro-se\sj.jw\hc.01\trahan20407coa

**DISCUSSION**

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. See id. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483 (2000).

Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983). In Barefoot, the Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." Barefoot, 463 U.S. at 893 n.4 (citations and internal quotations omitted; emphasis in original). Any doubts about whether the Barefoot standard has been met must be resolved in petitioner's favor. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

The Court denied the instant habeas petition after careful consideration of the merits. The Court found no violation of Petitioner's federal constitutional rights in the underlying state court proceedings. First, Petitioner was not denied his right to represent himself. His motion was considered untimely, having been brought the day of jury selection. The Supreme Court has not clearly established when a Faretta request is untimely, and therefore the state court's decision was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. Second, Petitioner failed to demonstrate that he was deprived ineffective assistance

of counsel. Rather, the record indicates that his counsel, Ms. Haye's, performed ably, and well above the constitutional requirements set forth in Strickland v. Washington, 466 U.S. 668 (1984). Further, Petitioner's third and fourth claims are plainly without merit. Petitioner has failed to demonstrate that jurists of reason would find it debatable whether this Court was correct in its ruling. Petitioner's request for a certificate of appealability is accordingly DENIED.

The Clerk shall transmit the file, including a copy of this order, to the Court of Appeals. Petitioner may then ask the Court of Appeals to issue the certificate. See Fed. R. App. P. 22(b).

Dated: April 18, 2006

JAMES WARE
United States District Judge

Order Denying Certificate of Appealability
p:\pro-se\sj.jw\hc.01\trahan20407coa

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Gregory A. Ott
CA State Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Joseph Trahan
California State Prison-Solano
P. O. Box 4000
Vacaville, Ca 95696

**Dated: April 18, 2006**                                    **Richard W. Wieking, Clerk**

                                                                   **By:   /s/JW Chambers**
                                                                          **Melissa Peralta**
                                                                          **Courtroom Deputy**

Order Denying Certificate of Appealability
p:\pro-se\sj.jw\hc.01\trahan20407coa